NOT FOR PUBLICATION

DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NATHANIA BATES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BRYANT BARNES BLAIR & BENOIT, LLP., as successor to BRYANT BARNES MOSS & BECKSTEDT, LLP.,<br><br>　　　　　　Defendant. | Case No. SX-13-CV-112<br><br>**OPINION**<br><br><br>September 18, 2015 |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss filed by Bryant Barnes Blair & Benoit, LLP ("Defendant") for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

Venue is proper pursuant to 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

---

[1] Defendant filed its motion to dismiss pursuant to Federal Rule of Civil Procedure "12(b), Rule 57, and Title 5 V.I.C. § 1266, 1272 . . .." (Def.'s Mot. Dismiss 1.) The Court interprets this to mean that Defendant seeks to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

1

**BACKGROUND AND PROCEDURAL HISTORY**

Nathania Bates ("Plaintiff") is a resident of St. Croix, U.S. Virgin Islands and a licensed attorney. (Compl. ¶ 2.) In 2004, prior to her employment with Defendant, Plaintiff was appointed to represent an indigent defendant in *United States v. Ackie*, Criminal No. 2001-0171-3 ("*Ackie* matter") pursuant to 18 U.S.C. § 3006A ("Criminal Justice Act" or "CJA"). (*Id*. ¶¶ 5, 6.) Plaintiff alleges that the CJA appointment was issued exclusively to her and not to her then-employer. (*Id*. ¶ 7.)

On January 3, 2005, Plaintiff began working for Defendant.[2] (*Id*. ¶ 4.) The terms of Plaintiff's employment were set forth in Defendant's Employee Handbook ("Handbook"), which Plaintiff signed. (Pl.'s Opp'n Mot. Dismiss Ex. 1 at 37.) The Handbook set forth a formal grievance and arbitration procedure for "resolving all employment related disputes or issues arising out of the employment relationship," and granted arbitrators the "jurisdiction and authority to rule on an alleged statutory or tort cause of action and to award damages if applicable." (*Id*. at 29, 32.) Arbitration would occur "pursuant to the rules and regulations of the American Arbitration Association" and would apply Defendant's "rules, regulations, policies and procedures as well as applicable federal, state, local and common laws." (*Id*. at 32.)

The *Ackie* matter "closed some time in 2005." (Compl. ¶ 8.) On December 31, 2006, Plaintiff resigned her employment with Defendant. (*Id.*) As of that time, Plaintiff had not sought reimbursement of her legal fees for the *Ackie* matter. (*Id.*)

To seek reimbursement of legal fees for services rendered through the CJA, attorneys are required to complete a claim form ("CJA Form 20"). (Def.'s Reply Mot. Dismiss Ex. A.) On February 2, 2011, Defendant filed two CJA Form 20 applications for reimbursement of legal fees

---

[2] Defendant is successor in interest to Bryant, Barnes, Moss & Beckstedt, LLP. (Compl. ¶ 3.)

associated with Plaintiff's involvement in the *Ackie* matter. (Compl. Ex. 1.) Although Defendant identified Plaintiff as the appointed attorney in each application, Defendant did not notify Plaintiff of its applications. (Compl. ¶¶ 10-12.)

On July 26, 2011, a U.S. treasury check for $16,735.72 ("CJA funds") payable to Plaintiff was issued to Defendant's address. (*Id*. ¶¶ 14-16 Ex. 2.) Defendant forwarded the check to Plaintiff, who deposited the funds into her account. (Compl. ¶¶ 16-17.) On December 27, 2012, Defendant demanded that Plaintiff either return the CJA funds or submit to arbitration. (*Id*. ¶¶ 18-20.) Plaintiff refused, and Defendant obtained a decision in its favor from an arbitrator with Plaintiff not present. (*Id*. ¶ 20.) Plaintiff did not move to vacate the arbitrator's decision within the three months allowed by 9 U.S.C. § 12 ("Federal Arbitration Act" or "FAA"). (Def.'s Mot. Dismiss 2.)

On December 4, 2013, Plaintiff filed suit in this court, seeking declaratory judgement "to vindicate her rights and legal authority to funds earned" in the *Ackie* matter. (Compl. ¶¶ 22-29.) On January 13, 2014, Defendant filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). On January 31, 2014, Plaintiff filed her brief in opposition. On February 12, 2014, Defendant filed its brief in reply. On April 20, 2015, the case was reassigned to this Court.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a complaint if it lacks subject matter jurisdiction to hear a claim. Under Rule 12(b)(1), a court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party. *Ballentine v. United States*, No.1999–130, 2006 U.S. Dist. LEXIS 96631, *3, 2006 WL 3298270 (D.V.I. Sept. 21, 2006) (adopted by *Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir. 2007)). Subject matter jurisdiction is established via either 28 U.S.C. § 1331

("federal-question jurisdiction") or 28 U.S.C. § 1332 ("diversity jurisdiction"). Plaintiff claims jurisdiction is established under the CJA, 28 U.S.C. § 1331, 28 U.S.C. § 2201 ("Declaratory Judgment Act"), and 48 U.S.C. § 1561 ("Revised Organic Act"). For the reasons stated below, the Court does not have subject matter jurisdiction over this case.

### Diversity Jurisdiction

Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, and is between "citizens of different states." 28 U.S.C. § 1332(a). Jurisdiction on the basis of 28 U.S.C. § 1332 requires complete diversity of citizenship among all parties. *C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990); *Kromenhoek v. Cowpet Bay West Condo. Assoc.*, 77 F. Supp. 3d 462, 480 (D.V.I. 2014) (citing *In re* Briscoe, 448 F.3d 201, 215 (3d Cir. 2006)). Because Plaintiff and Defendant are both citizens of the Virgin Islands and the amount in question is less than $75,000.00, (*see* Compl. ¶¶ 2, 5), jurisdiction is not proper under 28 U.S.C. § 1332.

### Federal Question Jurisdiction

Because the dispute in question fails to meet the requirements of 28 U.S.C. § 1332, the propriety of subject matter jurisdiction turns on whether the case falls under "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. "Federal question jurisdiction exists only when a plaintiff's 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *DeBiasse v. Chevy Chase Bank Corp.*, 144 F. App'x. 245, 246-47, 2005 WL 1841676, **1 (3d Cir. Aug. 4, 2005) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)); *see also N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014) ("A cause of action does not typically 'arise under' federal law unless a federal question appears on the face of

4

a well-pleaded complaint."). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). For federal jurisdiction to attach to a state law claim, a federal issue must be (1) raised, (2) disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (noting that federal law must be in the "'forefront of the case and not collateral, peripheral, or remote.'") (quoting *Merrell Dow Pharm., Inc.*, 478 U.S. at 813 n. 11).

None of the three statutes cited by Plaintiff provide a basis for federal jurisdiction. The parties' dispute turns on the employment agreement between Plaintiff and Defendant and to the enforceability of an arbitration clause, both of which are contract claims arising under territorial law. (Compl. ¶ 21; Pl.'s Opp'n Mot. Dismiss Ex. 1.) The fact that the funds being disputed were earned by virtue of Plaintiff's appointment as counsel under the CJA is tangential to the bigger dispute over the scope of Plaintiff's employment with Defendant and the validity of the arbitration process. Simply put, Plaintiff cannot rely on the CJA to trigger the Court's jurisdiction because the CJA's role is not "substantial" within the meaning of 28 U.S.C. § 1331. *Higgins*, 281 F.3d at 389; *see also Club Comanche, Inc. v. Gov't of Virgin Islands*, 278 F.3d 250, 260-61 (3d Cir. 2002) (noting that '[t]he mere fact that a source of [federal] law . . . is consulted in deciding an issue, does not create jurisdiction" and holding that a territorial law action for quiet title brought pursuant to 48 U.S.C. § 1561 did not present a federal question.).

Plaintiff's reliance on the Revised Organic Act to establish federal question jurisdiction is also misplaced. The Revised Organic Act grants this Court "only original jurisdiction over federal

5

questions, diversity actions and any local matters 'the jurisdiction of which is not then vested by local law in the local courts of the Virgin Islands.'" *Tamarind Resort Assocs. v. Gov't of Virgin Islands*, 138 F.3d 107, 113-14 (3d Cir. 1998). Thus, this Court is bound by the same jurisdictional requirements as its sister district courts. As noted above, the issues here are solely state or territorial law, not federal. Consequently, federal question jurisdiction does not exist.

Plaintiff's reliance on the Declaratory Judgment Act, 28 U.S.C. § 2201, equally fails to establish jurisdiction. The Declaratory Judgment Act is "procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). It neither provides an independent basis for jurisdiction nor extends it. *Medtronic, Inc. v. Mirowski Family Ventures*, LLC., 134 S.Ct. 843, 844 (2014) (stating "The Declaratory Judgment Act does not 'extend' the federal courts' jurisdiction.") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)); *Jersey Asparagus Farms, Inc. v. Rutgers Univ.*, 803 F. Supp. 2d 295, 317 (D.N.J. 2011) (noting that the Declaratory Judgment Act "does not provide an independent basis for jurisdiction.").[3] The Declaratory Judgment Act serves only as the procedural means by which Plaintiff seeks

---

[3]In addition to a lack of federal question jurisdiction, the instant matter warrants abstention under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ("*Colorado River*") and its progeny. Abstention is permissible when a parallel pending state action exists and circumstances warrant the exercise of the court's discretion to abstain. *See, e.g., Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). On April 26, 2013, Defendant filed a petition in the Superior Court of the Virgin Islands, Division of St. Croix ("Superior Court") to enforce the arbitration award, and Plaintiff subsequently moved to dismiss due to the alleged invalidity and unenforceability of the arbitration clause. (Def.'s Mot. Dismiss Ex. A.; Compl. ¶ 21; Pl.'s Opp'n Mot. Dismiss Ex. 1.) To the Court's knowledge, the state action is still pending. (*See generally* Dkt. Nos. 1, 3, 6, 9.). The Superior Court action and the instant matter are parallel – they involve identical parties and substantially identical claims and issues – specifically, the dispute over the CJA funds and the validity of the arbitration judgment (Compl. ¶21; Pl.'s Opp'n Mot. Dismiss Ex. 1). Moreover, circumstances would warrant this Court exercising its discretion to abstain because suit was first filed in the Superior Court, that forum is convenient, the issues at hand are matters of contract law, the Superior Court is fully capable of adequately protecting Plaintiff's interests, and abstention by this court would avoid piecemeal litigation. *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999) (discussing the six factors a court must consider before abstaining). Therefore, although the Court cannot reach the merits of this matter because it lacks subject matter jurisdiction, even if jurisdiction existed, abstention would be appropriate.

enforcement of her alleged rights under territorial law. This is insufficient grounds for this Court to exercise its jurisdiction over her claim.

**CONCLUSION**

For the reasons set forth above, the Motion to Dismiss is **GRANTED**. An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:		Clerk
cc:		Parties